IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JULIA A. BRANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number:  02 CH 09122 |
| ) | |
| BETTIE PULLEN WALKER, ) | |
| CHATHAM GROVE CONDOMINIUM ) | |
| ASSOCIATION, NONRECORD ) | |
| CLAIMANTS AND UNKNOWN ) | |
| OWNERS ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT OF FORECLOSURE AND SALE

THIS CAUSE having been duly heard by this Court upon the record herein on the merits of the Complaint for Foreclosure filed by the Plaintiff and on Plaintiffs Motion for entry of Judgment for Foreclosure and Sale, (hereinafter referred to as Judgment) the Court **FINDS**:

(1) **JURISDICTION**: The Court has jurisdiction over the parties hereto and the subject matter hereof.

(2) **ALLEGATIONS PROVEN**: All the material allegations of the Complaint filed pursuant to 735 ILLS 5/15-1504, those allegations being both required and those deemed alleged by virtue of subsection (c), are true and proven, that by entry of this Judgment for Foreclosure and Sale, the Mortgage and Note which is the subject matter of these proceedings is extinguished and merged into Judgment and default no longer exists, but has been replaced by Judgment, and that by virtue of the Mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint, there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereafter for the following accounts:

| | |
|---|---|
| Principal, Accrued Interest and Advances by Plaintiff: | $32,275.86 |
| Costs of Suit: | $2,493.42 |
| Attorneys' Fees | $14,085.25 |
| TOTAL | $48,854.53 |

All the foregoing amounts have been accounted for in the Affidavits filed by Plaintiff.

(3) **SUBORDINATE LIENS AND INTERESTS:**

(a) The Court further finds that there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein: None.

(4) **ATTORNEY FEES:** By its terms said Mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees herein, and, that included in the above indebtedness are attorneys' fees in the sum of $14,085.25.

(5) **COURT COSTS:** Under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses incurred to date totaling $2,493.42 are hereby allowed to the Plaintiff.

(6) **ADVANCES:** That advances made in order to protect the lien of the Judgment and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance and insurance premiums incurred by the plaintiff and not included in this judgment, but incurred prior to the Foreclosure Sale, shall become an additional indebtedness secured by the Judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/15-1503 and 15-1603.

(7) **PROPERTY FORECLOSED UPON:** The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder and/or Registrar for Cook County, Illinois, as Document No. 0010433395, and the property herein referred to and directed to be sold is described as follows:

> PARCEL 1:
> UNIT NUMBER 745-1 SOUTH, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN CHATHAM GROVE I CONDOMINIUM AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NUMBER 24958715 IN THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 34, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
> PARCEL 2:
> EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1 AS SET FORTH AND DEFINED IN THE DECLARATION OF EASEMENTS RECORDED AS DOCUMENT NUMBER 24958714 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY, ILLINOIS.

COMMON ADDRESS: UNIT 1 S. 745 E. 84TH PL. CHICAGO, ILLINOIS, 60619

P.I.N 20-34-413-053-1022

**(8) MORTGAGE NOTE:** The Mortgage herein referred to secures a Mortgage Note in the sum $24,637.32 which has been duly accelerated pursuant to the terms of said Note and executed by:

Bettie Pullen Walker

**(9) EXHIBITS:** That true and correct copies of the original mortgage and the original note are attached to the Complaint filed herein.

**(10) REDEMPTION:** The owner(s) of the equity of redemption are the mortgagors, property owners and any other party defendant named in the Complaint with the statutory right of redemption, with the exception of the Registrar of Titles, if named, and any party dismissed by order of Court.

(a) The subject real estate is Residential as defined in 735 ILCS 5/15-1219.

(b) The Court has obtained jurisdiction over the owners of the right of redemption as set forth in The Attorney's Certificate of Service and Defaulted Parties.

(c) The redemption period will expire on the date as set forth in the provisions of 735 ILCS 5/15-1603(b):

1. If the Court finds that the subject real estate is residential, the redemption period shall end on the later of (i) the date 7 months from the date the mortgagor/owner or, if more than one, all mortgagors/owners have been served with summons or by publication or have otherwise submitted to the jurisdiction of the Court, or (ii) the date 3 months from the date of entry of a Judgment of Foreclosure.

2. If the Court finds that the subject real estate is not residential as defined by statute, the redemption period shall end on the later of (i) the date 6 months from the date the mortgagor/owner or if more than one, all the mortgagors/owners have been served with summons or by publication or have otherwise submitted to the jurisdiction of the Court, or (ii) the date 3 months from the entry of a Judgment of Foreclosure.

3. The redemption period shall end on the date 30 days after the date the Judgment of Foreclosure is entered if the court finds that the mortgaged real estate has been abandoned.

(d) The redemption period will expire on **October 27, 2004.**

3



Prepared by
BIER & GUTSTEIN, LLC
111 West Washington Street
Suite 1900
Chicago, Illinois 60602

_____[Space Above This Line For Recording Data]_____

# MORTGAGE ASSIGNMENT

STATE OF ILLINOIS    )
                     )
                     )  ss.
                     )
COUNTY OF COOK       )

ASSIGNMENT made ___/4 y  /___, 2002, by Wade Parrott and Everett Branson of Chicago, Illinois ("Assignor"), to Julia A. Branson, of Chicago, Illinois ("Assignee").

Assignor hereby assigns a certain mortgage made by Bettie Pullen Walker, given to secure the payment of the sum of $24,637.32 and interest, which mortgage is dated October 12, 2000, and recorded on May 22, 2001, covering premises

PARCEL I.
UNIT NUMBER 745 1 SOUTH, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN CHATHAM GROVE I CONDOMINIUM AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NO. 24958715 IN THE EAST ¼ OF THE SOUTHEAST ¼ OF SECTION 34, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL II.
EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL I AS SET FORTH AND DEFINED IN THE DECLARATION OF EASEMENTS RECORDED AS DOCUMENT NUMBER 24958714 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY ILLINOIS

COMMON ADDRESS: Unit 1S 745 EAST 84th. Pl. Chicago, Illinois 60619

P.I.N. 20-34-413-053-1022

Together with the note described in such mortgage, and the moneys due and to become due thereon with interest,

C00014

To have and to hold the same unto Assignee, and his successors, legal representatives, and assigns forever.

In witness whereof Assignor has duly executed this assignment.

_____
Wade Parrott, Assignor

On this __1st__ day of __May__, 2002, before me Wade Parrott personally appeared, personally known to me to be the same person whose name is signed to the foregoing instrument, and acknowledged the execution thereof for the uses and purposes therein set forth.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

_____    (Seal)
Notary

My commission expires: __2004__

_____
Everett Branson, Assignor

On this __1st__ day of __May__, 2002, before me Everett Branson personally appeared, personally known to me to be the same person whose name is signed to the foregoing instrument, and acknowledged the execution thereof for the uses and purposes therein set forth.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

_____
Notary

My commission expires: __8/15/05__

"OFFICIAL SEAL"
Solomon Gutstein
Notary Public, State of Illinois
My Commission Exp. 08/15/2005

0045



IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

JULIA A. BRANSON,

        Plaintiff,

vs.

BETSIE PULLEN WALKER, et al

        Defendants.

Case Number: 02CH09122

November 22, 2002

## AFFIDAVIT OF EVERETT BRANSON

I, the undersigned, state that I am familiar with the allegations in the Complaint and have personal knowledge of the facts stated in this affidavit made pursuant to 735 ILCS 5/15-1506 and that on my personal knowledge I could competently testify to the following facts:

1. I am an individual for which the payments of the purchase money security interest arising under the installment sales contract with defendant was initially payable on the face of the evidence of indebtedness; and

2. That Wade Parrott and I were not in the business of regularly extending loans for the sale of property in more than four installments or for which the payment of finance charges were required; and

3. That Wade Parrott and I did not enter into any other purchase money security interests arising under any installment sales contract in any 12-month period from the date of the purchase money mortgage entered into with defendant, nor have we originated 1 or more such mortgage through a mortgage broker.

Further affiant sayeth not.

_____
Everett Branson

Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that they verily believe the same to be true.

_____
Everett Branson